**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| VELMA EASTERLING | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.: 2:07cv567-MHT** |
| | ) |
| ALABAMA CRIME VICTIMS | ) |
| COMPENSATION COMMISSION, et al., | ) |
| | ) |
|     **Defendants** | ) |

**<u>DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT</u>**

**COME NOW** the Defendants, Alabama Crime Victims and Compensation Commission and Martin Ramsey (collectively hereinafter "Defendants"), pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and hereby move this Court to enter an Order dismissing Plaintiff's Complaint with prejudice. In the alternative, Defendants move this Court to enter an Order compelling Plaintiff to provide a more definite statement of her claims against these Defendants. In support of said motion, Defendants state as follows:

**<u>PROCEDURAL BACKGROUND:</u>**

1.    Plaintiff Velma Easterling filed a Motion to Intervene in the *Crum, et al. v. Alabama, et al.*, CV-94-T-356-N, lawsuit. The Motion to Intervene was granted. Thereafter, this case was converted into a separate lawsuit. *See* Doc. No. 1.

2.    Plaintiff brings suit in this matter for alleged racial discrimination under Title VII and 42 U.S.C. §§ 1981 and 1983, relying solely on the following general allegations:

**<u>CAUSES OF ACTION</u>**

38.    The defendants have discriminated against the plaintiff-intervenors and the class they seek to represent on the basis of race in hiring, rehiring, evaluations, compensation, transfers, job duty

assignments, recruitment, screening, selection procedures, denial of promotions, discipline, demotions, layoffs, rollbacks, sick leave, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenors and the plaintiff class.

39.    The plaintiff-intervenors and the class they seek to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and a declaratory judgment are their only means of securing adequate relief.  The plaintiff-intervenors and the class they seek to represent are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

* * * *

55.    The defendants have discriminated against plaintiff-intervenor, Velma Easterling, and the class she seeks to represents on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

56.    The defendants have discriminated against plaintiff-intervenor, Velma Easterling, and the class she seeks to represent on the basis of race in denial of promotions, subjective decision-making practices, discriminatory performance appraisals, unlawful retaliation and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff intervenor and the plaintiff-class.

57.    Plaintiff-intervenor Easterling has been employed by the defendants, the State of Alabama and its agency, State of Alabama Crime Victims Compensation Commission, from on or about April 24, 1990, to the present.  From April 1990, until on or about April 3, 1995, Easterling held  the position of Clerical Worker.  Since about April, 1995, Easterling has held the position Crime Victim Compensation Specialist.  From approximately late 1993 (or the first part of 1994) until April, 1995, Easterling continually sought promotion to Crime Victim Compensation Specialist.  Easterling applied for this position and, after being deemed qualified, was placed on the register.  Velma Easterling and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs.

2

58.    On or about June 14, 1994, Easterling filed a charge of discrimination with the Equal Employment Opportunity Commission, based (*inter alia*) *upon* race discrimination in promotions. After the respondent, State of Alabama Crime Victims Compensation Commission, received notice of the charge of Discrimination, the supervisory employees of the commission, including the Executive Director Anita Drummond and others, discriminated and retaliated against Easterling by continuing to deny her promotion to Crime Victim Compensation Specialist and by lowering Easterling's scores on her performance appraisal without any bona fide reason related to her performance.

59.    For the period of time from approximately late 1993 until about April, 1995, Easterling has been discriminated against in regards to promotion, subjective decision-making practices, discriminatory performance appraisals, unlawful retaliation and other terms and conditions of employment.

*See* Amended Complaint, Doc. No. 3.

## **LEGAL ARGUMENT**

I.    Plaintiff's Complaint Fails to State a Claim Against the Defendants

Until the recent Supreme Court decision in *Bell Atlantic Corp. v Twombly,* ___U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), this Court was bound by the rule set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Finding that this formulation has "earned its retirement," the Court in *Twombly* held that a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion a dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Rather, the facts set forth in the complaint

must be sufficient to "nudge the [ ] claims across the line from conceivable to plausible." *Id.* at 1974.

In this complaint, not only are no factual grounds alleged which would "raise a right to relief above the speculative level," but the Plaintiff does not even deign to provide the Defendants or this Court with a recitation of the elements of a cause of action. Apparently, that task is left to the Defendants and the Court to decipher. When these events allegedly occurred remains a mystery; no defendant is identified for any particular allegation; no facts are submitted to support any claim; no allegation of intent to discriminate is made; nor is there an allegation that a person outside the protected class received the promotion sought by the Plaintiff. In short, this is nothing more than a shotgun complaint which cannot withstand a Motion to Dismiss and this Complaint is due to be dismissed. *See also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal").

II.    Alternatively, the Plaintiff Should be Required to Provide a More Definite Statement

Assuming that the Court does not dismiss this Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request that this Court enter an Order requiring the Plaintiff to provide a more definite statement as to the claims against the Defendants. Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a proper responsive pleading." The Complaint in this case is so vague that it is all but impossible to respond to it in any meaningful manner.

4

Because "shotgun pleadings" present an unfair burden on the Court and Defendants, the Plaintiff should be required to provide a more definite statement. As the Eleventh Circuit has recognized:

> Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather the defendant is expected to move the court, pursuant to Rule 12(e) to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses. Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trustees of Central Florida Community College*, 77 F.3d 362, 366-67 (11th Cir. 1996) (footnotes and citations omitted).

The Eleventh Circuit Court of Appeals has repeatedly recognized the judicial, administrative, and societal costs imposed by broad and vague complaints. *See, e.g., Chapman v. AI Transport,* 229 F.3d 1012, 1027 (11th Cir. 2000) (describing shotgun pleading as a "serious" and "ubiquitous problem," the "evils" of which require a district court to exercise a "firm hand" in dismissing non-meritorious claims); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-134 (11th Cir. 2001) (holding that, if a defendant does not move for a more definite statement, the trial court "must intervene *sua sponte* and order a repleader"); *Sikes v. Teleline, Inc.,* 281 F.3d 1350, 1355 n. 9 (11th Cir. 2002) ("[P]laintiffs' complaint is yet another example of what we have often criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs

5

and counts. We have harshly criticized such shotgun pleadings in the past, and we repeat our displeasure with this type of complaint now."); *Beckwith v. Bellsouth Telecomms., Inc.,* 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22, 2005) (categorizing complaint as a "shotgun" pleading because "[o]nly a few of [plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim").

Plaintiff's Complaint does not even contain "counts," much less separate counts with specific facts outlining the claims. Even a creative reading of the general allegations set forth does not disclose any facts supporting Plaintiff's claim of racial discrimination.  Instead, there is simply a laundry list of every conceivable job related activity. Plaintiff does not provide relevant information as to any specific allegations of alleged misconduct.  Moreover, Plaintiff does not even distinguish the claims among the various Defendants, nor is there any indication as whether the allegations are in support of her Title VII, 42 U.S.C. § 1981, or § 1983 claims. In short, this is nothing more than a shotgun pleading with unsupported conclusions of law or mixed fact and law. Should the Court decline to dismiss Plaintiff's Complaint, Defendants request that Plaintiff be required to set forth each legal claim in a separate count pursuant to Rule 10(b) of the Federal Rules of Civil Procedure and to identify which facts support each separate claim and against which defendants they are alleged.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiff's complaint against the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Alternatively, Defendants respectfully request that the Court require the Plaintiff to provide a more definite statement as to her alleged claims

against the Defendants as provided for in Rule 12(e) of the Federal Rules of Civil

Procedure.

Respectfully submitted,


 /s/ Brandy Murphy Lee
Brandy Murphy Lee (ASB-8735-E67B)
CAMPBELL, GIDIERE, LEE,
        SINCLAIR &  WILLIAMS, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051 – telephone
(205) 803-0053 – facsimile
blee@cwp-law.com – email

**Attorney for Defendants Crime
Victims Compensation Commission
And Martin Ramsey, Executive Director**


## CERTIFICATE OF SERVICE

I hereby certify that I have on September 13, 2007, electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail as indicated below):

**Russell Wayne Adams
Rocco Calamusa, Jr.**
Wiggins Childs Quinn & Pantanzis, PC
301 19th Street North
Birmingham, AL 35203-3204

Alice Ann Byrne
State Personnel Department
Legal Division
64 North Union Street – Suite 316
Folsom Administrative Building
Montgomery, AL 36130


Brandy Murphy Lee
OF COUNSEL