IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VELMA EASTERLING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07cv567-MHT |
| ) | |
| ALABAMA CRIME VICTIMS ) | |
| COMPENSATION COMMISSION, et al., ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' OBJECTION TO RECOMMENDATION
OF THE MAGISTRATE JUDGE**

**COME NOW** the Defendants, Alabama Crime Victims and Compensation Commission and Martin Ramsey (hereinafter "Defendants"), and enter their objection to certain portions of the Recommendation of the Magistrate Judge, stating as follows:

1. Plaintiff Velma Easterling filed a Motion to Intervene in the *Crum, et al. v. Alabama, et al.*, CV-94-T-356-N, lawsuit. The Motion to Intervene was granted. Thereafter, this case was converted into a separate lawsuit. See Doc. No. 1.

2. On September 13, 2007, the Alabama Crime Victims and Compensation Commission and Martin Ramsey filed their initial Motion to Dismiss. See Doc. No. 18. In response, the court ordered the Plaintiff to show cause no later than February 1, 2008, and in writing, why the motion should not be granted. See Doc. No. 33. The Court's Order clearly outlined that failure to show cause in writing by the deadline would result in a recommendation that the case be dismissed. See Id.

3. Plaintiff failed to show cause by the deadline. Indeed, the only response filed by the Plaintiff was a letter to the court, requesting dismissal of the claims against the Alabama Crime Victim and Compensation Commission. See Doc. No. 39. The letter made no mention of Martin Ramsey at all. See Doc. No. 39. After expiration of the deadline to show cause had passed, Defendants filed a Renewed Motion to

Dismiss, seeking dismissal of all claims against Ramsey and the Commission with prejudice. See Doc. No. 37.

4.  On February 5, 2008, counsel for Ramsey and the Commission timely appeared at the hearing set by the court on their Motion to Dismiss. Despite being afforded additional time by the magistrate judge, the Plaintiff did not appear.

5.  Following the hearing, the Magistrate Judge entered his recommendation that all claims against the Commission be dismissed with prejudice. See Doc. No. 41. Defendants have no objection to that portion of the magistrate's recommendation. However, the magistrate's recommendation with respect to all other defendants, including Ramsey, is that the Plaintiff's claims be dismissed without prejudice. See Doc. No. 41. Defendants object to that portion of the recommendation and specifically request that any and all claims against Martin Ramsey be dismissed, with prejudice.

6.  Martin Ramsey was not initially a party to this matter and played no part in any alleged misconduct identified in Plaintiff's Complaint. Rather, Ramsey was added to this matter as a named defendant only in his official capacity as the Director of the Alabama Crime Victims and Compensation Commission. Both the initial Motion to Dismiss and the Renewed Motion to Dismiss were expressly filed on behalf of both the Commission and Ramsey. The Plaintiff has failed to show cause why Defendants' Motion to Dismiss was not due to be granted. In fact, Plaintiff's only response to Defendant's motion was a letter advising the court to dismiss the claims against the Commission. See Doc. No. 39. Plaintiff's response does not in any way indicate the Plaintiff intends to pursue any claims against Martin Ramsey, nor is there any basis for such claims. See id. Rather the claims against the Commission and Ramsey are one and the same and should be treated as such.

7.  Dismissal of all claims against Ramsey, with prejudice, is the appropriate remedy. Such a sanction was specifically outlined in this Court's Order of January 10,

2

wherein the Court gave notice that "The plaintiff is advised that if she fails to appear at the oral argument, the court will treat her failure as an abandonment of her case and the claims set forth in her complaint."  <u>See</u> Order, Doc. No. 33.  Likewise, the Court gave advance warning to the Plaintiff that "The plaintiff is further cautioned that if she fails to comply with the directives of this order, the court will recommend that this case be dismissed for such failure."  <u>See</u> Order, Doc. No. 33.

8. The Plaintiff has failed to obtain new legal counsel, and this Court's Order was provided to the Plaintiff, as evidenced by the Return Receipt Card showing service of this Court's Order on the Plaintiff on January 11, 2008.  <u>See</u> Doc. No. 34.  Plaintiff has failed to prosecute her claims against either the Commission or Ramsey and has no basis for any claims against the Commission or Ramsey.

**WHEREFORE**, the premises considered, Defendants object to that portion of the Magistrate's Judge's recommendation denying the request to dismiss all claims against Martin Ramsey with prejudice and instead only recommending dismissal of the claims against Ramsey, without prejudice.  Defendants respectfully request that the Court enter an Order dismissing Plaintiff's Complaint and all claims alleged therein against both the Commission and Ramsey, with prejudice.

Respectfully submitted,

/s/ Brandy Murphy Lee
Brandy Murphy Lee (ASB-8735-E67B)
CAMPBELL, GIDIERE, LEE,
    SINCLAIR & WILLIAMS, L.L.C.
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051 – telephone
(205) 803-0053 – facsimile
blee@cwp-law.com – email

**Attorney for Defendants Crime Victims Compensation Commission And Martin Ramsey, Executive Director**

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on February 5, 2008, electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail as indicated below):

**Alice Ann Byrne**
**Joana Ellis**
State Personnel Department
64 North Union Street
Folsom Administrative Building
Suite 316
Montgomery, Alabama 36130


VIA U.S. Mail, postage pre-paid:

Velma Easterling
1130 Old Breckenridge Lane
Montgomery, Alabama 36117


                                                <u>Brandy Murphy Lee</u>
                                                OF COUNSEL